## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JEFFERSON CAPITAL SYSTEMS, LLC,

                    Plaintiff,

      -vs-

ELSADA ALVERANGA, et al.,

                    Defendants.

CASE NO. 1:20-CV-00990

JUDGE PAMELA A. BARKER

MEMORANDUM OF OPINION AND ORDER

This matter comes before the Court upon the Motion to Remand of Defendants/Counterclaim and Third-Party Claim Plaintiffs Elsada Alveranga and Rosalie Alveranga (collectively, the "Alverangas"). (Doc. No. 8.) Third-Party Defendant Exeter Finance, LLC ("Exeter") filed a brief in opposition to the Alverangas' Motion to Remand on July 1, 2020, to which the Alverangas replied on July 17, 2020. (Doc. Nos. 11, 13.) The Court also granted Exeter leave to file a surreply, which Exeter filed on July 24, 2020. (Doc. No. 14.)[1] For the following reasons, the Alverangas' Motion to Remand (Doc. No. 8) is GRANTED.

### I.  Background

In December 2014, the Alverangas entered into a retail installment sales contract with Fast Track Auto Sales ("Fast Track") for the purchase of a vehicle. (Doc. No. 1-1 at 159-60.) Fast Track subsequently assigned its interest in the contract to Exeter. (*Id.* at 160.) In 2016, the Alverangas defaulted on their payments, and Exeter repossessed and sold the vehicle. (*Id.* at 161-62.) Exeter

---

[1] Also, currently pending is Exeter's Motion to Compel Arbitration and Stay Case Pending Arbitration ("Motion to Compel Arbitration"), filed on May 28, 2020. (Doc. No. 7.) At the request of the parties, the Court stayed briefing on Exeter's Motion to Compel Arbitration until after it issued a ruling on the Alverangas' Motion to Remand. (*See* Doc. Nos. 9, 10.)

then assigned its interest in the Alverangas' contract to Plaintiff Jefferson Capital Systems, LLC ("Jefferson").  (*Id.* at 2.)  On November 21, 2019, Jefferson filed a Complaint in the Court of Common Pleas for Cuyahoga County, Ohio against the Alverangas seeking recovery of the remaining $4,394.61 plus interest owed on the contract.  (*Id.* at 1-3.)

On February 14, 2020, the Alverangas responded to Jefferson's Complaint by filing a pleading labeled as an Answer, Affirmative Defenses, Counterclaim, and Third-Party Complaint ("Counterclaim").  (*Id.* at 95-101.)  Therein, the Alverangas asserted a counterclaim against Jefferson under the "FTC Holder Rule," as well as two claims against Exeter based on alleged violations of Ohio's Retail Installment Sales Act ("RISA") and the Ohio Uniform Commercial Code ("OUCC") related to Exeter's repossession and sale of the Alverangas' vehicle.  (*Id.*)

On April 7, 2020, the Alverangas, on behalf of themselves and a putative class, filed what they styled as an Amended Class Action Counterclaim and Third-Party Complaint ("Amended Counterclaim").  (*Id.* at 156-79.)  In their Amended Counterclaim, the Alverangas assert several claims against Exeter relating to the financing, repossession, and sale of the Alverangas' and class members' vehicles under the common law, RISA, and the OUCC.  (*Id.* at 170-77.)[2]  The parties dispute, however, whether the Amended Counterclaim includes any claims against Jefferson.  (Doc. No. 11 at 6-11; Doc. No. 13 at 3-5.)

Subsequently, on May 6, 2020, Exeter removed the action to this Court.  (Doc. No. 1.)  In its Notice of Removal, Exeter asserts that federal jurisdiction exists over the Alverangas' claims against it under the Class Action Fairness Act ("CAFA") and that federal question jurisdiction also exists

---

[2] Exeter contends the Amended Counterclaim also includes a claim under the federal Truth in Lending Act ("TILA"), but the Alverangas characterize the Amended Counterclaim as only asserting state law claims.  (*See* Doc. No. 8 at 3; Doc. No. 11 at 4.)

based on the TILA claim.  (*Id.* at 8-9.)  Recognizing that third-party defendants are generally precluded from removing a third-party complaint, Exeter contends that removal is appropriate in these circumstances because it was not properly joined to Jefferson's collection suit against the Alverangas. (*Id.* at 2.)  According to Exeter, the Alverangas' claims in substance constitute an independent class action that was improperly misjoined to Jefferson's collection suit.  (*Id.*)  Exeter requests that the Court retain jurisdiction over the class action claims brought against it and sever and remand the rest of the action.  (*Id.* at 2-3.)

On June 1, 2020, the Alverangas filed a Motion to Remand, contesting many of the assertions in Exeter's Notice of Removal and alleging that Exeter's removal of the state court action was improper for several reasons.  (Doc. No. 8.)  Exeter filed a brief in opposition to the Alverangas' Motion to Remand on July 1, 2020, to which the Alverangas replied on July 17, 2020.  (Doc. Nos. 11, 13.)  The Court also granted Exeter leave to file a surreply, which Exeter filed on July 24, 2020. (Doc. No. 14.)

## II.    Legal Standard

"The general removal statute, 28 U.S.C. § 1441(a), provides that 'any civil action' over which a federal court would have original jurisdiction may be removed to federal court by 'the defendant or the defendants.'"  *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1745 (2019).  CAFA also includes a removal provision specific to class actions that meet certain requirements for federal jurisdiction.  *See* 28 U.S.C. § 1453; *In re Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 849, 853 (6th Cir. 2012) ("[CAFA] confers federal jurisdiction over class actions in which the matter in controversy exceeds $5 million, there is minimal diversity of citizenship, and the proposed class includes at least one hundred members.").  "That provision permits the removal of a 'class action' from state court to

federal court 'by any defendant without the consent of all defendants' and 'without regard to whether any defendant is a citizen of the State in which the action is brought.'"  *Home Depot*, 139 S. Ct. at 1746-47 (quoting 28 U.S.C. § 1453(b)).

Generally, "[f]ederal courts . . . must strictly construe removal jurisdiction."  *Am. Gen. Fin. Services v. Griffin*, 685 F. Supp. 2d 729, 732 (N.D. Ohio 2010); *see also In re Mortg.*, 680 F.3d at 853.  The removing party also "bears the burden of showing that removal was proper."  *Am. Gen.*, 685 F. Supp. 2d at 732.  Although ordinarily "[a]ll doubts as to the propriety of removal are resolved in favor of remand," *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999), "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

## III.    Analysis

In their Motion to Remand, the Alverangas assert that Exeter's removal was improper for several reasons.  First, the Alverangas contend that Exeter was properly joined as a party to the Alverangas' counterclaims against Jefferson under Ohio Rules of Civil Procedure 13 and 19.  (Doc. No. 8 at 2-3.)  As such, the Alverangas assert that Exeter is a third-party counterclaim defendant that has no right to remove a state court action to federal court.  (*Id.* at 5-7.)  Indeed, the Alverangas posit that this case is on all fours with the Supreme Court's recent holding in *Home Depot*.  (*Id.*)  Next, the Alverangas argue that even if Exeter was misjoined, it still has no right to removal, as *Home Depot* does not provide for any such exception and the Sixth Circuit does not recognize the doctrine of fraudulent misjoinder.  (*Id.* at 7-10.)  Finally, the Alverangas also assert that Exeter's removal was

4

untimely because it failed to file its Notice of Removal within thirty days of when the Alverangas filed their first Counterclaim naming Exeter as a party to the suit.  (*Id.* at 8.)

In opposition, Exeter asserts it was, in fact, misjoined and that removal was therefore proper. Specifically, Exeter asserts that it is not a proper third-party counterclaim defendant under Rule 13 of either the Ohio or Federal Rules of Civil Procedure because the Alverangas' Amended Counterclaim does not include any claims against Jefferson.  (Doc. No. 11 at 6-13.)  Exeter also contends it was not joined as a proper third-party defendant under Rule 14 of either the Ohio or Federal Rules of Civil Procedure because class actions may not be asserted in a third-party complaint and the Alverangas' claims against it are not derivative of Jefferson's claim against the Alverangas. (*Id.* at 13-15.)  As such, Exeter asserts that the Alverangas have actually improperly instituted a "disguised separate action" against Exeter.  (*Id.* at 15.)  According to Exeter, pursuant to Fed. R. Civ. P. 21 and the fraudulent misjoinder doctrine, as well as its supporting principles, removal was proper, and the Court should sever the misjoined claims and remand those claims it lacks jurisdiction over back to the state court.  (*Id.* at 15-19.)  With respect to the Alverangas' assertion that removal was untimely, Exeter asserts that the Alverangas' initial Counterclaim did not provide any basis for federal jurisdiction, and that Exeter timely removed the action after the filing of the Alverangas' Amended Counterclaim.  (*Id.* at 19-20.)

Upon review of the parties' arguments, the Court concludes that even if the Alverangas' claims against Exeter were misjoined in the state court action below, Exeter had no right to remove the action to federal court.[3]  As a result, the matter will be remanded to state court.

---

[3] Based on this holding, the Court also need not address the parties' arguments as to the timeliness of removal.

5

As noted above, the general removal statute permits removal by "the defendant or the defendants" to a state court action, and CAFA's removal provision similarly permits removal by "any defendant."  28 U.S.C. § 1441(a); 28 U.S.C. § 1453(b).  The Supreme Court recently addressed what parties may be considered "defendants" with the right to remove a state court action under these provisions in circumstances very similar to those presented here.  In *Home Depot*, Citibank filed a debt-collection action against an individual, Jackson, in state court related to charges that Jackson incurred on a Home Depot credit card.  139 S. Ct. at 1747.  In response, Jackson "answered and filed his own claims: an individual counterclaim against Citibank and third-party class-action claims against Home Depot U. S. A., Inc., and Carolina Water Systems, Inc."  *Id.*  After Citibank dismissed its claims against Jackson, Home Depot removed the action to federal court pursuant to both the general removal statute and CAFA.  *Id.*  Jackson then moved to remand the case.  *Id.*

Upon review, the Supreme Court held that Home Depot's removal was improper.  First, with respect to the general removal statute, the Supreme Court concluded that "§ 1441(a) does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time by the counterclaim."  *Id.* at 1748.  In support of this conclusion, the Supreme Court reasoned:

> Home Depot emphasizes that it is a "defendant" to a "claim," but the statute refers to "civil action[s]," not "claims."  This Court has long held that a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court.  See *Mexican Nat. R. Co. v. Davidson*, 157 U. S. 201, 208, 15 S.Ct. 563, 39 L.Ed. 672 (1895); *Tennessee v. Union & Planters' Bank*, 152 U. S. 454, 461, 14 S.Ct. 654, 38 L.Ed. 511 (1894).  This requires a district court to evaluate whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction.  *E.g.*, *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U. S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); cf. *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U. S. 826, 831, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002) ("[A] counterclaim ... cannot serve as the basis for 'arising under' jurisdiction"); § 1446(c)(2) (deeming the "sum demanded in good faith in the initial pleading ... the

amount in controversy").  Section 1441(a) thus does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had "original jurisdiction" over the civil action.  ***And because the "civil action ... of which the district cour[t]" must have "original jurisdiction" is the action as defined by the plaintiff's complaint, "the defendant" to that action is the defendant to that complaint, not a party named in a counterclaim.***

*Id.* (emphasis added).  The Supreme Court went on to clarify that "the filing of counterclaims that included class-action allegations against a third party did not create a new 'civil action' with a new 'plaintiff' and a new 'defendant.'"  *Id.* at 1749.  Accordingly, the Supreme Court held that "a third-party counterclaim defendant is not a 'defendant' who can remove under § 1441(a)."  *Id.* at 1750.

The Supreme Court then considered whether CAFA's removal provision, which permits removal by "any defendant," should be interpreted in the same manner.  *Id.* at 1750-51.  The Supreme Court determined that it should be, finding that "Congress did not expand the types of parties eligible to remove a class action under § 1453(b) beyond § 1441(a)'s limits."  *Id.* at 1750.  Consequently, the Supreme Court concluded that "[b]ecause neither § 1441(a) nor § 1453(b) permits removal by a third-party counterclaim defendant, Home Depot could not remove the class-action claim filed against it."  *Id.* at 1751; *see also In re Mortg.*, 680 F.3d at 854 ("[W]e hold that third-party defendants do not have the statutory authority under [CAFA] to remove a state court action to a federal district court.").

In this case, there is no dispute that Exeter was not named as a defendant in Jefferson's original Complaint.  Instead, Exeter was brought into the state court action for the first time by the filing of the Alverangas' Counterclaim, which purported to join Exeter as either a third-party defendant or third-party counterclaim defendant.  Thus, a straightforward application of *Home Depot* would indicate that Exeter cannot be considered a "defendant" under either § 1441(a) or § 1453(b), and it therefore has no right of removal.  As such, Exeter's removal of the state court action was improper.

Exeter argues, however, that *Home Depot*'s holding is inapplicable in these circumstances because Exeter was misjoined and therefore not a proper third-party defendant or third-party counterclaim defendant. (Doc. No. 11 at 11.) As such, Exeter asserts it should be characterized as a defendant with removal rights. (*See id.* at 18.) As detailed below, the Court finds Exeter's arguments in support of this position unpersuasive.

Exeter first asserts that because it was not properly joined as a third-party counterclaim defendant or third-party defendant, the Court may sever the disguised separate action against Exeter and remand Jefferson's claim against the Alverangas pursuant to Fed. R. Civ. P. 21. (*Id.* at 15-16.) However, Exeter's argument in this regard ignores the threshold issue in this case—whether Exeter had the right to remove the state court action to this Court under either the general removal statute or CAFA's removal provision. While Rule 21 may permit a court to sever claims that have been misjoined, it does not provide an answer as to whether Exeter may be considered a "defendant" under the relevant removal statutes such that it had the right to remove the action in the first place. Thus, the Court may not simply rely on Fed. R. Civ. P. 21 to find that removal was proper.

To establish that Exeter should be treated as a "defendant" with removal rights, Exeter asserts that the Court should apply the fraudulent misjoinder doctrine and its supporting principles to realign the parties. (*Id.* at 16-19.) According to Exeter, because the Alverangas violated the rules of civil procedure by joining a completely separate action against Exeter to the Jefferson's collection suit, the Court should properly characterize the Alverangas as the plaintiffs and Exeter as the defendant for purposes of removal. (*Id.*) The Court finds that Exeter's argument in this regard also lacks merit.

First, the Court notes that unlike the established fraudulent *joinder* doctrine, district courts in the Sixth Circuit have generally rejected the fraudulent *misjoinder* doctrine that Exeter relies on in

8

support of its opposition to the Alverangas' Motion to Remand.  Under the fraudulent joinder doctrine, if a non-diverse party has been joined as a defendant, then a defendant that has removed the case based solely on diversity jurisdiction may nonetheless avoid remand by demonstrating that the non-diverse party was fraudulently joined to defeat diversity.  *Gipe v. Medtronic, Inc.*, 416 F. Supp. 3d 687, 692 (W.D. Ky. 2019).  "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law."  *Coyne*, 183 F.3d at 493.  In other words, "the doctrine of fraudulent *joinder* addresses whether a claim is *viable* against the defendant who allegedly was fraudulently joined."  *Mark Francis Macduff Spence, Sr. v. Dexcom, Inc.*, No. 3:18-cv-0369, 2019 WL 302504, at *4 (M.D. Tenn. Jan. 23, 2019).  The Sixth Circuit has adopted this doctrine and "recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds."  *Coyne*, 183 F.3d at 493.

In contrast, "the doctrine of fraudulent *misjoinder* addresses whether the claims against the defendant who allegedly was fraudulent[ly] misjoined—whether or not viable claims standing on their own—were improperly *joined* in the removed action."  *Mark Francis*, 2019 WL 302504, at *4.  Thus, "the doctrine permits a court to ignore the citizenship of non-diverse defendants who 'hav[e] no real connection with the controversy.'"  *Handshoe v. DePuy Synthes Sales, Inc.*, No. 7:19-CV-6-REW, 2019 WL 4039623, at *2 (E.D. Ky. Aug. 27, 2019) (citation omitted).  "Similar to fraudulent joinder, '[t]he purpose of the [fraudulent misjoinder] doctrine is to sever improperly joined claims against non-diverse defendants and remand those claims to state court, while retaining diversity jurisdiction over the properly-joined claims against the diverse defendants.'"  *Gipe*, 416 F. Supp. 3d at 697 (quoting *Estate of Owens v. E.I. Dupont de Nemours & Co.*, No. 12-111-DLB, 2013 U.S. Dist.

9

LEXIS 189836, at *10 (E.D. Ky. June 17, 2013)). The doctrine was first articulated by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000). But the Sixth Circuit, as well as several others, appear to have neither explicitly adopted nor rejected it. *See Kent State Univ. Bd. of Trustees v. Lexington Ins. Co.*, 512 F. App'x 485, 491 n.1 (6th Cir. 2013); *Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739-40 (10th Cir. 2010); *In re Prempo Products Liab. Litig.*, 591 F.3d 613, 622 (8th Cir. 2010); *Cal. Dump Truck Owners Ass'n v. Cummins Engine Co., Inc.*, 24 F. App'x 727, 729-30 (9th Cir. 2001).

Most district courts within the Sixth Circuit to have addressed the issue, however, have declined to adopt the doctrine. *See, e.g.*, *Mark Francis*, 2019 WL 302504, at *4 ("Whereas the fraudulent *joinder* doctrine has been widely accepted, most courts have declined to adopt the fraudulent *misjoinder* doctrine."). These courts have noted a variety of reasons in support of their decisions. *See Handshoe*, 2019 WL 4039623, at *2 ("At its core, the doctrine operates to expand the subject-matter jurisdiction of the federal courts, which contravenes the Sixth Circuit dual mandates that doubts be resolved in favor of remand and that removal statutes be strictly construed."); *Mark Francis*, 2019 WL 302504, at *5 (noting that the Sixth Circuit "has stated that a removing defendant may avoid remand (unless there is a federal question) *only* by demonstrating that the nondiverse defendant was fraudulently joined, with no mention of fraudulent misjoinder"); *Geffen v. Gen. Elec. Co.*, 575 F. Supp. 2d 865, 871 (N.D. Ohio 2008) ("Conducting fraudulent misjoinder analysis in this case necessarily requires the Court to wade into a thorny thicket of unsettled law; disagreements exist as to numerous questions about the doctrine, and 'the last thing the federal courts need is more procedural complexity.'") (quoting *Osborn v. Metro. Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127 (E.D.

Cal. 2004)); *Bird v. Carteret Mortg. Corp.*, No. 2:06-CV-588, 2007 WL 894841, at *5 (S.D. Ohio Mar. 22, 2007) ("This Court agrees that issues of state procedural law should not be determinative of, or even relevant to, issues of federal court jurisdiction in most instances, and that creating a new doctrine having the effect of expanding the removability of state court cases that, on their face, do not fall within the limited jurisdiction of the federal courts is neither wise nor warranted.").  Of additional note, courts also have reasoned that "the better course of action is for the state court to rule on the propriety of joinder under the state's joinder law in the first instance."  575 F. Supp. 2d at 871. Indeed, "the problem that the fraudulent misjoinder doctrine is designed to address can ordinarily be resolved by having the state court rule on the propriety of the joinder in the first instance, and permitting removal if the parties and claims are severed into two or more cases, at least one of which is clearly removable."  *Bird*, 2007 WL 894841, at *5.

The Court agrees with the reasoning of these cases and likewise declines to adopt the doctrine of fraudulent misjoinder.  Exeter's reliance on the doctrine and the principles behind it is therefore misplaced.

Further, Exeter's reliance on the doctrine is unpersuasive for the additional reason that Exeter has requested an even further extension of the doctrine that would allow a realignment of the parties based on the alleged misjoinder.  Those courts that have adopted the fraudulent misjoinder doctrine have permitted a *defendant* to remove an action based on diversity jurisdiction despite the presence of a non-diverse party that has been fraudulently misjoined.  *See, e.g.*, *Tapscott*, 77 F.3d at 1360 ("A *defendant's* 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'") (emphasis added) (citation omitted).  Thus, in those cases, there was no question that the removing party had a right to remove the case.  Here, in

11

contrast, Exeter is indisputably not a defendant to Jefferson's Complaint, but asserts that because of its procedural misjoinder, the Court may treat it as a defendant so that it has a right to remove the action under the removal statutes.  Exeter has not cited any cases that have adopted this novel extension of the doctrine.

Rather, at least one court has rejected a similar argument.  To wit, in *Bettis v. RoundPoint Mortg. Co.*, the removing party, RoundPoint, argued that *Home Depot*'s holding precluding removal only applies when an additional counterclaim defendant is properly joined.  No. 19-0699-WS-N, 2019 WL 6324537, at *3 (S.D. Ala. Nov. 26, 2019).  The court rejected RoundPoint's argument, stating:

> RoundPoint identifies no authority holding – and no persuasive reason why – *Home Depot*'s prohibition on removal by "any counterclaim defendant," including parties brought into the lawsuit for the first time by the counterclaim, does not or should not reach it here.  It is simply not apparent why the *Home Depot* rule logically should not apply where a named counterclaim defendant has been brought into the action via the counterclaim plaintiff's incorrect usage of Rule 13(h), rather than through the counterclaim plaintiff's correct usage of Rule 13(h).

*Id.*; *see also Prokos v. Hines*, No. 2:07-cv-669, 2008 WL 11452317, at *3 (S.D. Ohio Feb. 28, 2008) ("The Kucik defendants never objected to these claims as being outside the parameters of Rule 14 by filing a motion to strike or filing a motion under Ohio Civil Rule 20.  Procedurally, the Kucik defendants should have filed a motion to strike or for misjoinder because as long as they remained either third-party defendants or cross claim defendants in this action, they did not have the right to remove the case to federal court.").  Consequently, the Court will not rely on the fraudulent misjoinder doctrine or any variation thereof to permit removal by Exeter in this case.

Exeter also relies on several cases that realigned parties as either plaintiffs or defendants when determining whether federal jurisdiction existed in support of its request that the Court do the same here.  (Doc. No. 11 at 18.)  However, these cases are easily distinguishable.  In each of the cases cited

by Exeter, the court addressed the proper alignment of the parties in order to assess whether complete diversity existed for purposes of diversity jurisdiction.  *See City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941) ("Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants.  It is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute'.") (citation omitted); *U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1091 (6th Cir. 1992) ("We agree with the district court that proper alignment of the parties in this action destroys diversity jurisdiction.").  Conversely, the jurisdictional question in this case is not whether diversity does or does not exist.  Instead, the issue is whether a third-party counterclaim defendant that was allegedly improperly brought into the action can be reclassified as a "defendant" so as to escape the sweep of *Home Depot* and be eligible to remove the action.  Thus, these cases have little relevance here.

Finally, Exeter asserts that looking at substance over form to realign the parties is especially warranted when a class action under CAFA is involved.  (Doc. No. 11 at 19; Doc. No. 14 at 4.)  Again, however, the cases relied on by Exeter in support of this proposition involved vastly different circumstances.  In two of the cases, the plaintiffs divided their class actions into separate suits covering distinct time periods in order to keep the total class damages under the $5 million threshold for federal jurisdiction.  *Freeman v. Blue Ridge Paper Products, Inc.*, 551 F.3d 405, 406-07 (6th Cir. 2008); *Proffitt v. Abbott Laboratories*, No. 2:08–CV–151, 2008 WL 4401367, at *1-2 (E.D. Tenn. Sept. 23, 2008).  Both courts held that the splintering of lawsuits to avoid federal jurisdiction in that fashion was not permitted under CAFA.  *Freeman*, 551 F.3d at 408; *Proffitt*, 2008 WL 4401367, at *5.  In the other case cited by Exeter, the timeliness of removal under CAFA was at issue.  *Graiser*

13

*v. Visionworks of Am., Inc.*, 819 F.3d 277, 286-87 (6th Cir. 2016).  No such splintering or timeliness issues are present here.  Instead, the issue is whether Exeter may be considered a "defendant" under the removal statutes.  Significantly, the Supreme Court specifically held in *Home Depot* that the term "defendant" under CAFA's removal provision has the same meaning as "defendant" under the general removal statute.  139 S. Ct. at 1751 ("To the extent Home Depot is arguing that the term 'defendant' has a different meaning in § 1453(b) than it does in § 1441(a), we reject its interpretation.").  Thus, CAFA does not warrant a special exception.

Finally, throughout its briefing, Exeter contends that the Alverangas should not be able to avoid federal jurisdiction by circumventing the rules of civil procedure.  But Exeter is not left without a remedy, as Exeter may challenge the propriety of its joinder and move to sever the claims against it upon remand to state court.  *See Geffen*, 575 F. Supp. 2d at 871 ("[T]he better course of action is for the state court to rule on the propriety of joinder under the state's joinder law in the first instance.").  If successful, Exeter may then be able to remove the severed action to federal court.  *See, e.g.*, *Hrivnak v. NCO Portfolio Mgmt., Inc.*, 723 F. Supp. 2d 1020, 1024-25 (N.D. Ohio 2010) ("[W]hen a state court severs a claim asserted by a defendant against a third-party defendant from the main demand and then realigns those parties, the former third-party defendant (now designated a defendant by the state court) is entitled to remove that new case.").

In sum, even assuming, *arguendo*, that Exeter was improperly joined in the state court action, Exeter cannot be considered a "defendant" in that action and therefore has no removal rights under either the general removal statute or CAFA's removal provision.  The original Complaint in the state court action was filed by Jefferson against the Alverangas.  Exeter, even if misjoined, is clearly not a defendant to that Complaint.  This holding is in line with the Sixth Circuit's admonition that "[t]he

14

term 'defendant' in removal statutes [be] narrowly construed." *In re Mortg.*, 680 F.3d at 853.  As a result, Exeter had no right to remove the action.

**IV.     Conclusion**

For the reasons set forth above, the Alverangas' Motion to Remand (Doc. No. 8) is GRANTED.  Consequently, Exeter's Motion to Compel Arbitration (Doc. No. 7) is DENIED AS MOOT.

**IT IS SO ORDERED.**


                                                    *s/Pamela A. Barker*
                                                    PAMELA A. BARKER
Date:  November 12, 2020                            U. S. DISTRICT JUDGE